IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JAMES MORRIS**                                                                                      **PLAINTIFF**

**VS.**                                               **CIVIL ACTION NO.: 4:19-CV-97-SA-JMV**

**DEPT. OF HUMAN RESOURCES**
*Policy Makers*                                                                        **DEFENDANT**

<u>**REPORT AND RECOMMENDATION**</u>

This matter is before the court, *sua sponte*, pursuant to § 1915 (e)(2)(B) to recommend dismissal of this action. To the extent the plaintiff seeks injunctive relief, the undersigned recommends dismissal for lack of standing, as the matter has become moot. To the extent claims for monetary damages are made, the undersigned recommends dismissal on the basis of sovereign immunity.

**Background**

On June 21, 2019, Mr. Morris, filed this lawsuit, *pro se*, against the Mississippi "Department of Human Services, ET.AL., Policy Makers"[1] alleging that in February of 2019, he applied for and was denied food stamps benefits by defendant because he was convicted of a drug-related felony, in violation of the "5th, 6th, 14th, and 8th United States and Mississippi State Constitutional Amendments." Doc. #1 at 2. Mr. Morris has also moved to proceed *in forma pauperis*, for a preliminary injunction and for temporary restraining order. Doc. #2-3.

Thereafter, the court granted the motion to proceed *in forma pauperis* but withheld issuance of process and instead issued an Order [8] directing Mr. Morris to show cause why the

---

[1] Morris lists "Department of Human Services, Et.AL., Policy Makers" as defendants in the caption of his complaint. However, he references the defendant throughout his complaint as the Mississippi Department of Human Services. He does not name any "policy maker" in particular, nor does he reference any other complained of party(ies). Therefore, the undersigned has construed this complaint to be solely against the Mississippi Deparment of Human Services.

1

case should not be dismissed as the State of Mississippi had had passed legislation which exempted Mr. Morris from disqualification from receipt of food stamp assistance on the basis of his drug-related felony conviction, effective July 1, 2019. *See* Criminal Justice Reform Act, H.B. 1352, 134th Leg., 1st Reg. Sess. (Miss. 2019); Doc. #5, 8. Mr. Morris then filed a "RESPONSE TO ORDER TO SHOW CAUSE"—which shall be construed as the amended complaint requested by the court's Order to Show Cause [8]—wherein he informed the court that, nevertheless, he wished to go forward with this action stating, "[t]his court should not moot Morris claims for back food stamps assistance because he was apart of a class of Mississippi citizens who were single out intentionally to be discriminated against and harmed at the time of filing and before by a wrong Mississippi Statute… For reasons stated, injunctive and all other relief can be retroactive because of Morris past injuries…" Doc. #12.

Mr. Morris seeks relief in the form of "back and present food stamp payments; immediate repeal of policy categorically denying drug felons food stamps; compensatory damages in the amount of $200,000.00; punitive damages in the amount of $200,000.00; and all court costs [and] fees." Doc. #1 at 4; Doc. #12.

**Law and Analysis**

7 C.F.R. § 273.11(m) which disqualifies United States citizens convicted of drug-related felonies from receipt of Supplemental Nutrition Assistance Program ("SNAP") benefits reads as follows:

> (m) Individuals convicted of drug-related felonies. An individual convicted (under Federal or State law) of any offense which is classified as a felony by the law of the jurisdiction involved and which has as an element the possession, use, or distribution of a controlled substance (as defined in section 102(6) of the Controlled Substance Act, 21 U.S.C. 802(6)) shall not be considered an eligible household member unless the State legislature of the State where the individual is domiciled has enacted legislation exempting individuals domiciled in the State from the above exclusion. If the State legislature has enacted legislation limiting the period of

disqualification, the period of ineligibility shall be equal to the length of the period provided under such legislation. Ineligibility under this provision is only limited to convictions based on behavior which occurred after August 22, 1996…

See also 21 U.S.C.A. § 862a (West).

At the time Mr. Morris applied for SNAP benefits, in February of 2019, legislation had not yet been enacted to exempt individuals domiciled in the State of Mississippi from the above referenced exclusion. *Swanigan v. Lowndes Cty. Dep't of Human Servs.*, No. 1:06CV170-M-D, 2007 WL 628397, at 1 (N.D. Miss. Feb. 26, 2007) ("A search of the Mississippi Code does not reveal a state enactment of override this provision of federal law. Therefore the Lowndes County Department of Human Services is acting pursuant to statutory mandate and would enjoy qualified immunity."). However, the State of Mississippi has since enacted the Criminal Justice Reform Act, which removed the bar to Morris's receipt of SNAP benefits. CRIMINAL JUSTICE REFORM ACT, 2019 Miss. Laws Chapter 466; Miss. Code. Ann. § 99-5-11 (West).

*Damages*

Although plaintiff recognizes that he is no longer disqualified, he wishes to proceed in pursuit of monetary damages for food stamp benefits that he believes he is owed for the period between the denial of assistance to him and the enactment of the Criminal Justice Reform Act or "February - June of 2019." Doc. #12 at 2.

However, the Eleventh Amendment specifically protects state agencies from actions seeking monetary damages—and other damages which must be paid from public funds of the state treasury.[2] *Carter v. Mississippi Dep't of Human Servs.*, No. CIVA305CV190HTWJCS, 2006 WL

---

[2] § 14:69. Immunities for governmental entities—The complex matrix of modern Eleventh Amendment law—Retrospective monetary relief is barred, 2 Federal Civil Rights Acts (3d ed.) § 14:69 ("All retrospective monetary relief against the state treasury is prohibited by the Eleventh Amendment, whether that relief is styled as a claim for damages "at law" or a claim for "equitable restitution," and whether or not the suit is brought directly against the state, or against a public official sued in his or her official capacity.")(references omitted).

2827691, at 2 (S.D. Miss. Sept. 29, 2006) ("A lawsuit such as the instant case brought by a private party seeking to impose liability such as monetary damages for mental anguish, back pay, and other damages which must be paid from public funds of the state treasury is the very type lawsuit barred by the Eleventh Amendment." (citing *Earles v. State Bd. of Certified Pub. Accountants of Louisiana*, 139 F.3d 1033, 1036 (5th Cir.1998))). The Mississippi Department of Human Services is such a state agency. *Blount v. Mississippi Dep't of Human Servs.*, No. 3:14CV336-DPJ-FKB, 2015 WL 59091, at 1 (S.D. Miss. Jan. 5, 2015) ("Immunity also extends to state agencies that are considered "arms of the state."… MDHS is an arm of the state of Mississippi." (citing *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 70 (1989))). Therefore, to the extent that Mr. Morris seeks monetary relief that would have to be paid from the public funds of the state treasury, the undersigned recommends dismissal of those claims as barred by the Eleventh Amendment.

*Justiciability of Remaining Claims for Injunctive Relief*

In addition to his previously discussed request for monetary relief, Mr. Morris continues to allege that his denial was unconstitutional and discriminatory and requests a preliminary injunction and temporary restraining order be issued from this court.

Although the Eleventh Amendment provides a defense to claims against state agencies for monetary damages, Mr. Morris may bring claims for prospective injunctive relief, provided there is an ongoing case or controversy. *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 268 (2011) ("…*Ex parte Young* does not extend to suits where … the [alleged] federal law violation is no longer "ongoing," (citing *Green v. Mansour,* 474 U.S. 64, 71 (1985) ("Because there is no continuing violation of federal law to enjoin in this case, an injunction is not available."))).

4

Because the newly enacted Criminal Justice Reform Act has removed the entirety of the bar to Mr. Morris's receipt of assistance, the court must ensure that this case is justiciable in its present posture before embarking on analysis of the merits of the remaining claims. U.S. Const. art. III, § 2; *Opulent Life Church v. City of Holly Springs, Miss.*, 697 F.3d 279, 285 (5th Cir. 2012).

Article III of the United States Constitution limits this court's jurisdiction to actual ongoing cases or controversies. U.S. Const. art. III, § 2; *Campbell-Ewald Co. v. Gomez,* 136 S. Ct. 663, 669 (2016), *as revised* (Feb. 9, 2016). Additionally, the case or controversy must endure throughout the life action, not just at the time of filing. *Id*. at 680. Absent a live case or controversy, a case is moot and must be dismissed as non-justiciable. *Inst. of Marine Mammal Studies v. Nat'l Marine Fisheries Serv.*, 23 F. Supp. 3d 705, 712-14 (S.D. Miss. 2014) (citing *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1041–42 (5th Cir. 1981) ("As the Court recently explained in United States Parole Commission v. Geraghty, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980), the mootness doctrine has two aspects: a justiciable case must continue at each stage of the litigation (1) to present a "live controversy," and (2) to be urged before the court by parties who have a "personal stake" in that controversy.")).

Given the enactment of the Criminal Justice Reform act, the undersigned has found no present or continuing case or controversy here. *Powell v. McCormack,* 395 U.S. 486, 496 (1969)("Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."); *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920) ("Where by an act of the parties, or a subsequent law, the existing controversy has come to an end, the case becomes moot and should be treated accordingly...").[3]

---

[3] *See also Int'l Women's Day Mar. Planning Comm. v. City of San Antonio*, 619 F.3d 346, 357 (5th Cir. 2010) ("We fail to see how a challenge to the enforcement of the 1988 ordinance presents a live controversy, given the ordinance's repeal. "Suits regarding the constitutionality of statutes become moot once the statute is repealed." *McCorvey v. Hill*, 385 F.3d 846, 849 (5th Cir. 2004)."); *Davis v. Tarrant Cty., Tex.*, 565 F.3d 214, 228 (5th Cir. 2009) ("However,

*Mr. Morris's Response to Mootness*

Mr. Morris argues that his case is not moot as he fears MDHS and "Miss. Lawmakers" might "repeat enacting a bill of attainder against drug offenders/Morris." Doc. #12 at 2.

However, the Fifth Circuit has noted that "statutory changes that discontinue a challenged practice are 'usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed.'" *Fantasy Ranch Inc. v. City of Arlington, Tex.*, 459 F.3d 546, 564 (5th Cir. 2006) (citing *Valero Terrestrial Corp. v. Paige,* 211 F.3d 112, 116 (4th Cir. 2000) quoting *Native Village of Noatak v. Blatchford,* 38 F.3d 1505, 1510 (9th Cir. 1994)).

The only instance in which a court will find that a statutory change has not rendered a case moot is when it reasonably likely that the offending legislation or policy will be reenacted. *See Beare v. Briscoe*, 498 F.2d 244, 245 n. 5 (5th Cir. 1974) ("Ordinarily amendatory legislative action of this sort would terminate the controversy and require that the case be dismissed as moot. *Hall v. Beals*, 1969, 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214. However, since the Texas Legislature has adopted the rather unusual procedural alternative of conditioning the permanency of the new law upon the finality of the judgment of this case (which it cited in the statute), we have concluded that the controversy is still very much alive.").[4]

---

Davis's claim for prospective declaratory relief is moot because the Tarrant County guidelines in effect at the time he applied for felony court appointments in June 2005 are no longer in effect."); *Brazos Valley Coal. for Life, Inc. v. City of Bryan, Tex.*, 421 F.3d 314 (5th Cir. 2005) ("Objections to provisions of city sign ordinance… [that] did not adequately define "commercial" or "non-commercial"… were rendered moot by enactment of new ordinance adding wholly new provisions concerning meaning and determination of terms "commercial" and "non-commercial."'); *Pugh v. Rainwater*, 572 F.2d 1053, 1059 (5th Cir. 1978) ("Our decision is that the portion of the district court's Opinion and Final Judgment which was challenged by plaintiffs' separate appeal was rendered moot by Florida's adoption of Rule of Criminal Procedure 3.130(b)(4). We hold that the new Florida rule is not facially unconstitutional and we abstain from its further consideration.").

[4] *See also Hope Medical Group for Women v. Edwards*, 63 F.3d 418, 422-423 (5th Cir. 1995), *cert. denied*, 517 U.S. 1104 (1996) ("The language of the revised statute clearly indicates that the Louisiana legislature amended the state's abortion funding restriction so that it could bring its Medicaid program into compliance with the district court's injunction. The conditional language of the statute and the language directing state officials to seek a reversal of the

While it is possible that the Mississippi legislature might, one day in the future, repeal the Criminal Justice Reform Act, for a case to survive a mootness analysis, that prospect must be more than speculative, it must be reasonably likely to occur. *Fantasy Ranch Inc. v. City of Arlington, Tex.*, 459 F.3d 546, 564 (5th Cir. 2006) (citing *National Black Police Ass'n v. District of Columbia,* 108 F.3d 346, 349 (D.C.Cir.1997) ("the mere power to reenact a challenged law is not a sufficient basis on which a court can conclude that a reasonable expectation of recurrence exists")).

In any event, Mr. Morris has offered nothing—and the court has found nothing—to indicate the State of Mississippi currently intends to repeal the exempting statute. Therefore, in the view of the undersigned, this argument fails.

**Recommendation**

Accordingly, the undersigned recommends that the claims for injunctive relief presented in this case are moot and the state is immune from the damages claim. Therefore, the pending motions for preliminary injunction and temporary restraining order should be denied, and this cause should be dismissed.

**Procedure for Filing Objections**

The parties are referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and

---

injunction reveal the continued presence of a live controversy between the parties").

legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**SO ORDERED** this, the 25th day of November, 2019.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**